#### GOODYEAR v. REYNOLDS
(117 S. E., 538)

DIVORCE—COURTS MUST GIVE FULL FAITH AND CREDIT TO DIVORCE DECREE OBTAINED IN SISTER STATE.—Where citizens of another State having their matrimonial domicile there procure a divorce properly and marry again or move to this state and marry again, the Courts of this State are bound to give full faith and credit to the divorce so obtained in the sister state.

Before PRINCE, J., Greenville, April, 1921. Reversed.

Action by Chester M. Goodyear, Jr., against Nina T. Reynolds, alias Nina T. Goodyear. Judgment for plaintiff and defendant appeals.

*Mr. Stephen Nettles,* for appellant, cites: *Admissions in answer are not conclusive of facts:* 30 S. C., 564. *Courts of matrimonial domicile had jurisdiction to dissolve marriage:* 181 U. S., 155; 201 U. S., 562; 226 U. S., 551; 2 Strob. Eq., 174; 44 S. C., 195; 108 S. E., 101. *Presumption of good service:* 76 S. C., 145. *Divorce valid in Georgia:* 62 S. E., 182; 70 S. E., 655; 76 S. C., 855; 89 S. E., 325. *And in Alabama:* 28 Ala., 412; 29 Ala., 709; 44 Ala., 437. *Jurisdiction to annul marriage is equitable:* 90 S. C., 233; 113 S. C., 295. *Fraudulent representations*

NOTE.—The conflict of laws on subject of divorce is discussed in note 59 L. R. A. 135.

*to induce marriage cannot be taken advantage of to annul
such marriage:* 34 Atl., 682. *Courts of S. C. will not
recognize divorce in certain cases:* 44 S. C., 195; 76 S. C.,
145; 110 S. C., 253. *Laws of Georgia* Code 1910: Secs.
2945, 62950, 2944, 4849, 5556, 5557, 5558, 6510.

*Messrs. Martin & Blythe,* for respondent, cite: *Georgia
divorce void:* 44 S. C., 195; 48 S. C., 492; 46 S. C., 145;
110 S. C., 253. *To claim benefit of "full faith and credit"
clause service of process must be personal:* 201 U. S., 502;
181 U. S., 155; 18 L. R. A. (N. S.), 647. *Laws of
Georgia:* Code 1910, Sec. 4979.

March 15, 1923.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

This is an action by Chester M. Goodyear, Jr., against
Nina T. Goodyear to have their marriage declared null and
void on the ground that she had a living husband at the time
of said marriage. The Goodyears were married at Darling-
ton, S. C., on November 22, 1919. On September 29, 1919,
Mrs. Goodyear, then Mrs. Reynolds, obtained a divorce in
a Court of general jurisdiction in Georgia from her former
husband, Sam W. Reynolds. Reynolds was presumably in
Oklahoma at the time and was served with process in the ac-
tion for divorce by publication. The Reynolds marriage
took place at Girard, Ala., on May 8, 1914.

This action of annulment was commenced by service of
summons in the Court of Common Pleas for Greenville
County, S. C., on February 28, 1920, and came on for trial
before Judge George E. Prince, without a jury, on April 19,
1921. He held that the marriage should be annulled be-
cause in the divorce suit Reynolds was not personally served
in the State of Georgia, nor did he voluntarily appear in the
case so as to give the Georgia Court jurisdiction. This ap-
peal is from the judgment of annulment, and the main issue
in the case is whether or not the Courts of South Carolina

will recognize the validity of the Georgia divorce. The appellant appeals, and by two exceptions alleges error. Judge Prince finds that the appellant and Sam W. Reynolds were married at Girard, Ala., on May 8, 1914. He finds as a fact that at that time both parties were domiciled in Georgia. After spending the night following their marriage together, they returned to Georgia.

It is conceded that both under the laws of Alabama, where the marriage took place, and under the laws of Georgia, where the marriage domicile was (and that is a fact found by his Honor), divorces were allowed under certain circumstances. In the instant case, the marriage domicile being that of Georgia, the laws of Georgia would govern in reference to a divorce.

A man who has a matrimonial domicile cannot by a personal change of his domicile change his matrimonial domicile. In *Haddock v. Haddock,* 201 U. S., 562; 26 Sup. Ct., 525; 50 L. Ed., 867; 5 Ann. Cas., 1, the Court says:

"Sixth. Where the domicile of matrimony was in a particular state, and the husband abandons his wife and goes into another state in order to avoid his marital obligations, such other state to which the husband has wrongfully fled does not, in the nature of things, become a new domicile of matrimony, and therefore is not to be treated as the actual or constructive domicile of the wife; hence the place where the wife was domiciled, when so abandoned constitutes her legal domicile until a new actual domicile be by her elsewhere acquired.  *   *   *

"Seventh. So also it is settled that, where the domicile of a husband is in a particular state, and that state is also the domicile of matrimony, the Courts of such state having jurisdiction over the husband may, in virtue of the duty of the wife to be at the matrimonial domicile, disregard an unjustifiable absence therefrom, and treat the wife as having her domicile in the state of the matrimonial domicile for the purpose of the dissolution of the marriage, and as a result

have the power to render a judgment dissolving the marriage which will be binding upon both parties, and will be entitled to recognition in all other states by virtue of the full faith and credit clause."

In the instant case both parties were citizens of Georgia. Judge Prince found as a fact that their marriage domicile was there. The Court of competent jurisdiction in that state gave an absolute divorce to the appellant from Reynolds. This Court is bound to recognize a divorce by a Court of competent jurisdiction to *bona fide* citizens of another state having their matrimonial domicile there and marrying in a state where divorces are allowed. Neither Alabama nor Georgia have any laws forbidding the granting of divorces like South Carolina. We have enough to do looking after our own citizens and forbidding divorces.

Where citizens of another state, having their matrimonial domiciles there, procure a divorce properly, and marry again, even though they move to this state, or if they procure a divorce and move to this state and marry here again, we are bound to give full faith and credit to the divorce properly obtained by a Court of competent jurisdiction in a sister state.

The appellant, being a citizen of Georgia, having her matrimonial domicile there, having properly procured a divorce there from a Court of competent jurisdiction, had the right to move after that time to this state and marry again, and his Honor was in error in annulling her marriage to Goodyear. The marriage of appellant and respondent is a valid and legal marriage.

The decree of the Circuit Court is reversed.

MESSRS. JUSTICES FRASER and MARION concur.

MR. CHIEF JUSTICE GARY concurs in the result.